IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAMON STRADWICK,

    Petitioner,

v.                                            Civil Action No. 5:05CV192
                                                (Criminal Action No. 5:01CR30-01)
UNITED STATES OF AMERICA,                          (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Pro se petitioner Damon Stradwick filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody.  The government filed a response and the petitioner replied.  The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15.  Magistrate Judge Seibert issued a report recommending that the petitioner's § 2255 application be denied because in his plea agreement the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction.  The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report.  The time for objections has now passed and no objections have been filed to date.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation for clear error.

## III. Discussion

The petitioner contends in his § 2255 petition that United States v. Booker, 543 U.S. 220 (2005), should apply retroactively to his case because his sentence was based on enhancements not found by a jury. Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction when he pled guilty to Count Two of an indictment charging him with maintaining a residence for the distribution of cocaine base. Specifically, the petitioner signed a plea agreement on February 11, 2002, which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to,

a motion brought under Title 28, United States Code, Section 2255."[1] Additionally, the magistrate judge found that regardless of petitioner's waiver of the right to collaterally attack his conviction and sentence, Booker does not apply retroactively to collateral attacks. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

Because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction and because Booker does not apply retroactively in this case, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

## IV. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a

---

[1] The plea agreement was accepted and filed by this Court on February 12, 2002.

waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    November 13, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE